# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ  07407
(201) 857-6760
www.stevenslee.com

T:  (201) 857-6764
F:  (610) 371-8592
nicholas.eliades@stevenslee.com

April 16, 2024

**BY EFILE**
Hon. Natasha C. Merle, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 11201

**Re:** *Polished.com, Inc. v. Fouerti*
No. 1:24-cv-02658-NCM-PK

Dear Judge Merle:

      This firm represents Defendant Albert Fouerti in this matter. On April 9, 2024, George L. Miller, the Chapter 7 Trustee for bankruptcy debtor/plaintiff Polished.com, Inc. (the "Company" or "Plaintiff"), removed this case from New York Supreme Court, Kings County. At the time of removal, Mr. Fouerti had not answered Plaintiff's Complaint, and instead had moved pursuant to state rules for a dismissal due to Plaintiff's failure to state a claim against Mr. Fouerti. Mr. Fouerti seeks to re-move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as permitted by Fed. R. Civ. P. 81(c)(2) after removal. In the alternative, Mr. Fouerti seeks that the Court remand this case to New York Supreme Court due to statutory authority mandating that the Court abstain from exercising jurisdiction. Mr. Fouerti therefore writes pursuant to section III.A of Your Honor's Individual Practice Rules respectfully requesting a pre-motion conference.

      **I.**    **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

      Plaintiff asserts a cause of action against Mr. Fouerti for breach of fiduciary duty arising out of Mr. Fouerti's time as CEO and/or Director of Plaintiff company. More specifically, Plaintiff alleges that Mr. Fouerti committed three errors: First, in some capacity, at some indeterminate time and for an indeterminate duration, he "allowed" the Company to accept tax "exemption certificates [that] were insufficient and/or non-existent." (Verified Compl. ¶¶ 22-23). The Complaint alleges only upon information and belief that Mr. Fouerti knew that the tax certificates were "insufficient and/or non-existent," without any explanation of the circumstances that would explain the basis for knowing what the Company was accepting for tax exemption purposes or whether such documentation was improper. Second, he apparently, at some time, incorrectly estimated the Company's anticipated payroll expenses for purposes of obtaining Workers' Compensation insurance. (Id. at ¶¶ 25-26). Third, in August 2022, Mr. Fouerti allegedly advised a subordinate to stop submitting sales tax information "until the [tax-submission software] account under Polished's name had been set up, and then to resume submitting sales information under that

Allentown • Bergen County • Bala Cynwyd • Fort Lauderdale • Harrisburg • Lancaster • New York
Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PA Professional Corporation, Salvatore A. Giampiccolo, NJ Managing Attorney

04/16/2024 SL1 2098423v1 117046.00001

**Stevens & Lee**

Hon. Natasha C. Merle, U.S.D.J.
April 16, 2024
Page 2

account." (Id. at ¶¶ 13-14). According to the Complaint, the Company first learned sometime in October 2022 that the account under "Polished's name" would not be set up for an indefinite amount of time. (Id. at ¶¶ 15-16). Mr. Fouerti left his role as CEO in October 2022, and his position as Director in January 2023. (Id. at ¶ 7).

As argued in Mr. Fouerti's motion to dismiss made in the New York Supreme Court, Plaintiff is a Delaware corporation, and is governed by Delaware corporate law. Plaintiff makes no allegations of bad faith or conflict of interest, leaving only a claim of breach of the duty of care. See In re SAIC Inc. Derivative Litig., 948 F. Supp. 2d 366, 378 (S.D.N.Y. 2013) ("Delaware law imposes three fiduciary duties on the directors of corporations: the duty of care, the duty of loyalty, and the duty of good faith."). Significantly, the Company's Articles of Incorporation contain an exculpatory clause, preventing Mr. Fouerti from being held liable for breach of the duty of care. See In re SAIC Inc. Derivative Litig., 948 F. Supp. 2d at 378 (in the face of an exculpatory clause, a plaintiff "cannot allege a claim for breach of the duty of care"); 8 Del. C. § 102(b)(7). Furthermore, under Delaware law, Mr. Fouerti is given the benefit of the business judgment rule, which requires a showing that Mr. Fouerti acted recklessly. See Metro Storage Int'l LLC v. Harron, 275 A.3d 810, 846 (Del. Ch. 2022); In re McDonald's Corp. S'holder Derivative Litig., 289 A.3d 343, 371–72 (Del. Ch. 2023). Plaintiff's allegations against Mr. Fouerti fail to meet the standards imposed by Delaware law. Mr. Fouerti therefore seeks to move to dismiss for Plaintiff's failure to state a claim.

## II. Abstention From Jurisdiction Under 28 U.S.C. § 1334(c)

The Chapter 7 Trustee removed this case from state court under the guise of 28 U.S.C. § 1334(b) and § 1452, which provide federal courts jurisdiction over certain cases "related to" Chapter 7 bankruptcies. Several days after Mr. Fouerti filed his motion to dismiss, Plaintiff filed its petition for Chapter 7 bankruptcy, ostensibly providing this court with jurisdiction over this "related" case.

Importantly, however, § 1334(c)(2) requires that federal courts abstain from exercising bankruptcy-related jurisdiction when the following six factors are met:

> (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court.

In re Child Victims Act Cases Removed From State Ct., No. 23-CV-04741, 2023 WL 5287067, at *3 (E.D.N.Y. Aug. 17, 2023). Here, all six factors are met. The motion is timely, having been made seven days after the filing of the Notice of Removal; as stated previously, Plaintiff's claims involve only Delaware state law; the case is otherwise "related to" Plaintiff's bankruptcy; there is

# Stevens & Lee

Hon. Natasha C. Merle, U.S.D.J.
April 16, 2024
Page 3

no other basis for federal jurisdiction – the Company's principal place of business is in New York, and Mr. Fouerti resides in New York, destroying diversity; this action was previously commenced in state court; and it was in the process of being timely adjudicated in state court with Mr. Fouerti's motion to dismiss being jettisoned at the last minute by the filing of the Notice of Removal. This case therefore satisfies all six factors and thus must be remanded to state court.

Secondarily, the Court may equitably abstain from exercising jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law" or on "any equitable ground." 28 U.S.C. § 1334(c)(1), 1452(b). While this evaluation invokes the Court's discretion, Mr. Fouerti argues that the Chapter 7 Trustee's last-minute avoidance of a hearing on Mr. Fouerti's motion to dismiss – the Notice of Removal was filed less than 24 hours before the motion was scheduled to be heard – warrants this Court's exercise of discretion in Mr. Fouerti's favor.

In sum, Mr. Fouerti seeks to move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), and in the alternative for remand to state court under the mandatory or equitable abstention principles outlined in 28 U.S.C. § 1334(c).

Respectfully submitted,

STEVENS & LEE

*/s/ Nicholas P. Eliades*

Nicholas P. Eliades